UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHEN PAUL DILLENBERG | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-458-SDJ |
| | § | |
| CHRISTOPHER WATTS, ET AL. | § | |

**MEMORANDUM ADOPTING THE REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 28, 2021, the Report of the Magistrate Judge, (Dkt. #123), was entered containing proposed findings of fact and recommendations that *pro se* Plaintiff Stephen Paul Dillenberg's "Motion for Preliminary Injunctive Relief and Order Granting Removal of Criminal Prosecution," (Dkt. #51), be denied. Having assessed the Report and considered Plaintiff Stephen Paul Dillenberg's Objections, (Dkt. #126), and the City-Affiliated Defendants' Response, (Dkt. #127), the Court determines that the Magistrate Judge's Report and Recommendation, (Dkt. #123), should be adopted.

### REPORT AND RECOMMENDATION

The Magistrate Judge recommended the Court deny Dillenberg's Motion for Preliminary Injunction for several reasons. Specifically, the Magistrate Judge determined that Dillenberg improperly seeks to enjoin a non-party, requests to enjoin his ongoing criminal prosecution in state court, and asserts general and conclusory allegations. (Dkt. #123 at 2–5).

In his Objections to the Report, Dillenberg does not contest that he seeks to enjoin a non-party or that he seeks to enjoin his ongoing criminal prosecution in state court. Rather, Dillenberg asserts that, notwithstanding such facts, "Denton County Criminal Court #3, Judge Forrest Beadle and Clerk Luke Polich"—all non-parties— should be enjoined because "they have ignored Plaintiff's filings, refused to prove jurisdiction, and attempted to coerce Plaintiff into appearing in person during a global pandemic to dispute a frivolous and malicious prosecution." (Dkt. #126 at 1). Dillenberg continues that he is likely to succeed on the merits because his conduct did not satisfy the elements of unlawful restraint under Texas law and Defendants have not responded to his "special appearance or challenge." (Dkt. #126 at 2). He further claims that his suit falls within an exception to the Anti-Injunction Act. (Dkt. #126 at 4). In response, the City-Affiliated Defendants urge the Court to reject Dillenberg's Objections, (Dkt. #127 at 1–4), as the motion targets a non-party and because his "Objections do not implicate any likelihood of success on the merits of his claims." (Dkt. #127 at 3).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

### PLAINTIFF'S OBJECTION

As a threshold matter, "a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998); *see*

2

*also Power-One, Inc. v. Artesyn Techs., Inc.*, No. 2:05-CV-463, 2008 WL 1746636, at *2 (E.D. Tex. Apr. 11, 2008), *aff'd*, 599 F.3d 1343 (Fed. Cir. 2010). Dillenberg's preliminary-injunction motion expressly states he seeks to enjoin non-party Denton County Criminal Court Number 3. Dillenberg reiterates in his Objections that he is seeking injunctive relief as to non-parties, but he provides no basis for the Court to depart from the general rule that non-parties may not be enjoined. Moreover, even had Dillenberg moved to enjoin the named parties to this action (which he has not), none of the named Defendants has authority to interrupt the course of the pending state criminal proceedings against Dillenberg, as he requests.

In his objections, Dillenberg also does not substantively engage with the Report's conclusion that it is improper for this Court to enjoin his pending state criminal prosecution. (Dkt. #123 at 3–5). The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also, e.g., Texas v. Kearns*, No. 5:14-cv-27-DAE, 2014 WL 258786, at *2 (W.D. Tex. Jan. 23, 2014).

Dillenberg maintains that his suit, purportedly asserted under 42 U.S.C. § 1983, constitutes an exception to the Anti-Injunction Act. As the Magistrate Judge noted, however, Dillenberg's live pleading, which is over one hundred pages in length and often difficult to decipher, makes no reference to Section 1983. And, even if the Court were to construe Dillenberg's suit as one under Section 1983 given his *pro se* status and references to loss of constitutional rights, his motion still fails.

3

Section 1983 indeed qualifies as an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights. *See Mitchum v. Foster*, 407 U.S. 225, 242–43, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). However, a plaintiff seeking injunctive relief must still "demonstrate that he will suffer irreparable injury if the federal court stays its hand, and . . . that he does not have an adequate remedy at law in the state courts." *Duke v. Texas*, 477 F.2d 244, 248 (5th Cir. 1973). Dillenberg has not carried that burden here. He claims that his actions do not satisfy the legal elements of the crime with which he is charged in state court. (Dkt. #126 at 2). But that claim must be asserted by Dillenberg before the state court handling his criminal case at this time, not in federal court. *See Johnson v. State of Texas*, No. 6:06CV498, 2007 WL 1341388, at *2 (E.D. Tex. May 3, 2007) (explaining that the plaintiff "may defend his rights through his defense of the state prosecution and, if necessary, by recourse to the state appellate system" rather than seek "federal court intervention in his pending state criminal trial").

Further, Section 1983 does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Mitchum*, 407 U.S. at 243; *see also Younger v. Harris*, 401 U.S. 37, 43–47, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

Where those three criteria are satisfied, a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate." *Younger*, 401 U.S. at 45, 53–54; *accord Moore v. Sims*, 442 U.S. 415, 432–33, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).

Here, all three criteria that generally require *Younger* abstention are satisfied. First, Dillenberg asks the Court to enjoin his pending state-court criminal proceeding. The federal proceeding would therefore clearly interfere with an ongoing state judicial proceeding. Second, the underlying state proceeding concerns the enforcement of state criminal laws, something in which the state has a strong interest. Third, Dillenberg can raise his challenges to the state criminal proceedings in state court. Accordingly, *Younger* abstention precludes an injunction here unless one of the three narrow exceptions applies. None of them applies here. To the first point, there is no evidence of bad faith. A prosecution is taken in bad faith if state officials proceed "without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); *accord Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988). "[T]he 'bad faith' exception is narrow and should be

5

granted parsimoniously." *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985). It is Dillenberg's burden to establish actual proof of bad faith. *Hensler v. Dist. Four Grievance Comm. of State Bar of Tex.*, 790 F.2d 390, 391 (5th Cir. 1986). Here, Dillenberg has provided no such proof of bad faith concerning the state criminal prosecution at issue. Second, Dillenberg has not challenged any state statute as "flagrantly and patently violative of express constitutional prohibitions," nor has he identified any "extraordinary circumstances" that threaten "irreparable loss [that] is both great and immediate." *Younger*, 401 U.S. at 45, 53–54. Under the circumstances, in addition to the other reasons that Dillenberg's motion fails, the *Younger* abstention doctrine also precludes an injunction here.

For all of these reasons, Dillenberg's Objections are overruled.

## Conclusion

Having considered Plaintiff Stephen Paul Dillenberg's Objection, (Dkt. #126), and the City-Affiliated Defendants' Response, (Dkt. #127), the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. #123), as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiff Stephen Paul Dillenberg's "Motion for Preliminary Injunctive Relief and Order Granting Removal of Criminal Prosecution," (Dkt. #51), is **DENIED**.

So ORDERED and SIGNED this 22nd day of March, 2021.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE